IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LASHAWN DANGELO GRIER,    :
    :
    **Plaintiff**    :
    :
    **vs.**    :    **CIVIL NO. 5:15-CV-0165-MTT**
    :
Judge THOMAS H WILSON, et al,    :
    :
    **Defendants**    :
_____

## ORDER ON MOTION

Plaintiff LaShawn Dangelo Greer, an inmate currently confined at Valdosta State Prison, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.   After conducting a preliminary review of Plaintiff's pleading, the Court found that his allegations failed to state a claim, and his Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff has now filed a post-judgment "Amended Complaint." (ECF No. 7). Under the Federal Rules, leave to amend is to be freely given when justice so requires. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988).   A *pro se* litigant is thus generally allowed at least one opportunity to amend his complaint even if the plaintiff does not seek leave to amend until after the district court renders final judgment.   *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).   The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing

amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.*

The Court has thoroughly reviewed Plaintiff's twenty-three page Amended Complaint and finds that Plaintiff's Amended Complaint merely repeats the same frivolous claims and nonsensical ramblings contained in his original complaint.   Thus, to the extent, this Court is required to consider Plaintiff's pleading as a post-judgment motion to amend, his motion is **DENIED**.   Even as amended – Plaintiff's Amended Complaint would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. The proposed amendments would thus be futile.   *See Bank*, 928 F.2d at 1112.

If, in the alternative, Plaintiff's Amended Complaint must be liberally construed as a motion for relief from judgment under Federal Rule 60 (b), that motion shall be **DENIED** for the same reasons. Plaintiff additionally fails to identify any valid basis for reconsideration of the Court's prior order. *See* Fed. R. Civ. P. 60(b).

**SO ORDERED**, this 25th day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT